MARK I. WRAIGHT (State Bar No. 228303)
miw@severson.com
SEVERSON & WERSON
A Professional Corporation
595 Market Street, Suite 2600
San Francisco, California 94105
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

DOUGLAS C. STASTNY (State Bar No. 269470)
dcs@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

Attorneys for WELLS FARGO BANK, N.A.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| ARMANDO J. ALEXANDER, | Case No. '23CV0617 DMS BLM |
|---|---|
| Plaintiff, | **DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL** |
| vs. | |
| WELLS FARGO BANK, N.A.; and DOES 1 through 10, inclusive, | **[DIVERSITY JURISDICTION]** |
| Defendants. | **[San Diego Superior Court Case No. 37-2023-00008758-CU-BT-CTL]** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF, PLAINTIFF'S COUNSEL OF RECORD, AND ALL OTHER INTERESTED PARTIES:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Wells Fargo Bank, N.A. ("Defendant") hereby removes the above-captioned action from the Superior Court of the State of California, County of San Diego, to the United States District Court, Southern District of California.

Defendant is entitled to removal pursuant to 28 U.S.C. § 1332, based on diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs, as follows:

## I.
## THE STATE COURT ACTION

1.      Plaintiff Armando J. Alexander ("Plaintiff") filed a civil action in San Diego County Superior Court on March 2, 2023, entitled *Armando J. Alexander v. Wells Fargo Bank, N.A.*, case number 37-2023-00008758-CU-BT-CTL (the "State Court Action").  The Complaint was personally served on Defendant on March 7, 2023.  The Complaint alleges causes of action for alleged violations of California Customer Records Act, Civil Code §1798.100 et seq., negligence and financial abuse of an elder.

2.      Defendant's responsive pleading is due April 6, 2023.  Defendant has not filed an answer or otherwise responded to Plaintiff's Complaint in the State Court Action.

3.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon or by Defendant in the State Court Action are attached hereto as **Exhibit 1**.

4.      This notice of removal is timely under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a) because this removal is within one year of the filing of the action, and within 30 days of service of the Complaint.

## II.
## DIVERSITY JURISDICTION EXISTS
## UNDER 28 U.S.C. § 1332(a)

5.      This action is removable to the instant Court because it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441.  This Court has original jurisdiction as conferred by 28 U.S.C. § 1332(a) because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

### (A)   Complete Diversity

6.     Plaintiff is, and at all times relevant was, a citizen of California. Plaintiff alleges that he visited a financial center of Defendant's located in Chula Vista, California and all events are alleged to have occurred in California.  *See* Compl. ¶¶2 & 6.

7.     Wells Fargo Bank, N.A. is, and at all times relevant was, a citizen of the state of South Dakota, with its main office in Sioux Falls, South Dakota.  *See Rouse v. Wachovia Mort., FSB*, 747 F.3d 707, 715 (9th Cir. 2014) (holding that "Wells Fargo is a citizen only of South Dakota" because "under § 1348, a national banking association is a citizen only of the state in which its main office is located.").

8.     The only other defendants named in the Complaint are fictitiously named defendants.  According to 28 U.S.C. § 1441(a), for removal purposes, "the citizenship of defendants sued under fictitious names shall be disregarded."

9.     Because Plaintiff is a California citizen and Wells Fargo Bank, N.A. is a South Dakota citizen, complete diversity of citizenship exists.

### (B)   Amount in Controversy Exceeds $75,000

10.     For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).  The amount in controversy is simply an "estimate of the total amount in dispute, not a prospective assessment of defendant's liability."  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

11.     The amount in controversy exceeds $75,000 in this action. As alleged in the Complaint, Plaintiff pleads damages of at least $29,062 ($35,000 - $5,738 - $200). *See* Compl. ¶¶8 & 14.   Plaintiff also seeks statutory damages under Civil Code §1798.150, which can be no greater than $750 ($29,062 + $750 = $29,812). *See* Compl. ¶35.  Plaintiff seeks treble damages under Civil Code §3345 ($29,812 x 3 = $89,436).  *See* Compl. P. 6, ll. 17.  Lastly, Plaintiff seeks attorney's fees and

punitive damages which would increase the amount in controversy well in excess of $90,000. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy") and *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001), holding modified by *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005) ("It is well established that punitive damages are part of the amount in controversy in a civil action.")

## III.
## REMOVAL IS TIMELY

12.    This notice of removal is timely under 28 U.S.C.§ 1446(b) and FED. R. CIV. P. 6(a) because the Summons and Complaint were served on Defendant on March 7, 2023.  This notice of removal is filed 30 days after the date of service of the Summons and Complaint.

## IV.
## SATISFACTION OF 28 U.S.C. §§ 1446(a) and (d)

13.    The United States District Court for the Southern District of California is the proper venue for the removal.  The Superior Court of California for the County of San Diego is located within the United States Court for the Southern District of California.  *See* 28 U.S.C. § 84(d) (listing counties within the Southern District of California).  Thus, venue is proper in this Court because it is the "district and division embracing the place where [the] action is pending."  28 U.S.C. § 1441(a).

14.    Pursuant to 28 U.S.C. §§ 1446(d), Defendant is filing this notice of removal with this Court, serving a copy of this notice upon Plaintiff's counsel, and filing a copy in the Superior Court of California for the County of San Diego

/ / /

/ / /

## V.

## CONCLUSION

15. Because this civil action presents diversity jurisdiction pursuant to 28 U.S.C. § 1332, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action

DATED:  April 6, 2023          SEVERSON & WERSON
                                              A Professional Corporation

By:  _____
                 DOUGLAS C. STASTNY

Attorneys for WELLS FARGO BANK, N.A.

# Exhibit 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WELLS FARGO BANK, N.A.; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ARMANDO J. ALEXANDER

| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|
| **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**03/02/2023** at 03:37:10 PM<br>Clerk of the Superior Court<br>By Armando Villasenor, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California<br><br>County of San Diego - Hall of Justice<br>330 West Broadway, San Diego, CA 92101 | CASE NUMBER:<br>*(Núm)* 37-2023-00008758-CU-BT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Octavio Cardona-Loya, II, 3130 Bonita Road, Suite 200 B, Chula Vista, CA 91910, 619-476-0030

| DATE: 03/03/2023 | Clerk, by | *a. Villasenor* | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | A. Villasenor | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* WELLS FARGO BANK, N.A.

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

*Page 1 of 1*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**03/02/2023** at 03:37:10 PM

Clerk of the Superior Court
By Armando Villasenor,Deputy Clerk

1  Octavio Cardona-Loya II (SBN 255309)
2  Golden & Cardona-Loya, LLP
   3130 Bonita Road, Suite 200B
3  Chula Vista, CA 91910
4  vito@goldencardona.com
   Phone: 619-476-0030; Fax: 775-898-5471
5  Attorney for Plaintiff

6

7

8        **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**
9     **COUNTY OF SAN DIEGO, CENTRAL DIVISION - HALL OF JUSTICE**

10  ARMANDO J. ALEXANDER,        ) Case No.: 37-2023-00008758-CU-BT-CTL
11                               )
12              Plaintiff,       ) **COMPLAINT AND DEMAND FOR JURY**
                                 ) **TRIAL**
13  v.                           )
14                               )
15  WELLS FARGO BANK, N.A.; and  )
    DOES 1 through 10, inclusive,)
16                               )
17              Defendants.      )
18                               )
                                 )
19

20                    **I. INTRODUCTION**
21       1.    This is an action for damages brought by Plaintiff against Defendants for
22  violations of the California Customer Records Act ("CRA"), Civil Code §1798.80 *et seq*. and
23  California Consumer Privacy Act ("CPA"), Civil Code §1798.100 *et seq.*, both of which
24  require businesses to implement reasonable measures to protect consumers' personal data; for
25  Negligence; and for the financial abuse of an elder.
26                     **II. PARTIES**
27       2.    Plaintiff ARMANDO J. ALEXANDER is a natural person.
28       3.    Defendant WELLS FARGO BANK, N.A. ("Wells Fargo") at all times relevant

                                1

1  was a company doing business in San Diego County, California.

2      4.      The true names and capacities, whether individual, corporate (including officers
3  and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through
4  10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such
5  fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant
6  designated as a DOE is involved in or is in some manner responsible as a principal,
7  beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or
8  otherwise, for the agreements, transactions, events and/or acts hereinafter described, and
9  thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the
10  true names and capacities of these DOE Defendants are ascertained, they may be inserted in
11  all subsequent proceedings, and that this action may proceed against them under their true
12  names.

13                  **III. FACTUAL ALLEGATIONS**

14      5.      Plaintiff was a customer of Wells Fargo for around 29 years.

15      6.      On or about December 15 2022, Plaintiff visited one of Wells Fargo's Chula
16  Vista, CA branch offices along with his son; it was Plaintiff's son's purpose to close an
17  account belonging to him.

18      7.      Taking advantage of the visit, Plaintiff wanted to deposit funds with Wells
19  Fargo as he carried checking and savings accounts there.

20      8.      Plaintiff was shocked to discover his accounts were practically depleted and the
21  Wells Fargo representative unilaterally closed his accounts and provided him two checks
22  totaling around $200 that did not reflect the money he had deposited there which was closer
23  to approximately $35,000.

24      9.      Plaintiff did not use any online or mobile banking applications through Wells
25  Fargo.

26      10.     Plaintiff informed the Wells Fargo representatives, banker Sylvia Nunez and
27  Manager Jackie Perez, that he did not authorize the activity which depleted his accounts;
28  Plaintiff was told to return in two weeks for them to investigate how his accounts were

1    depleted without his knowledge or consent.

2    　　　11.　　Plaintiff returned as instructed and spent almost the entire business day at Wells

3    Fargo on or about December 30, 2022, attempting to learn how his bank accounts were

4    depleted without his authorization.

5    　　　12.　　After numerous phone calls being made to other departments within Wells

6    Fargo, Plaintiff was informed that an unknown individual accessed his accounts and switched

7    Plaintiff's contact information, such as his email address, and changed his account pin

8    numbers as well; the unauthorized person(s) also obtained new account cards to make

9    purchases without Plaintiff's knowledge, consent, or benefit.

10    　　　13.　　The new account cards had different numbers than the account cards Plaintiff

11    had in his possession.

12    　　　14.　　Despite having closer to $35,000 in his Wells Fargo accounts, Wells Fargo only

13    returned around $5,738 to Plaintiff following his dispute.

14    　　　15.　　The unauthorized person(s) made transfers from Plaintiff's savings account to

15    the checking account in order to deplete Plaintiff's savings which he maintained at Wells

16    Fargo in case of future medical necessities.

17    　　　16.　　Wells Fargo failed to properly maintain the personal information of Plaintiff

18    with regards to his accounts, and also failed to secure Plaintiff's sensitive Account

19    information.  Wells Fargo further breached its duties to Plaintiff by failing to take reasonable

20    steps to secure Plaintiff's personal and financial information, including failing to ensure that

21    this information was appropriately handled and not misappropriated.

22    　　　17.　　Wells Fargo failed to conduct a reasonable investigation into Plaintiff's disputes.

23    　　　18.　　Wells Fargo did not refund the amounts improperly withdrawn from Plaintiff's

24    accounts.

25    　　　19.　　As a result of Wells Fargo's actions, Plaintiff suffered emotional distress and

26    actual damages including the loss of money and time associated with addressing the

27    foregoing unauthorized transactions.

28    ////

## IV. FIRST CAUSE OF ACTION

### (Against All Defendants for Violation of the CRA)

20.     Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

21.     Defendants acquired and maintained the "personal information" of Plaintiff as that term is defined by Civ. Code §1798.80(e).

22.     "A business that owns, licenses, or maintains personal information about a California resident shall implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure." (Civ. Code §1798.81.5(b).)

23.     Defendants violated Civ. Code §1798.81.5 by failing to implement reasonable measures to protect Plaintiff's personal data.

24.     Defendants failed to comply with the notice provisions of Civ. Code §1798.82 as Plaintiff was not timely notified of the account breach.

25.     As a result of Defendants' reckless violations, Plaintiff is entitled to actual damages, statutory damages, and attorneys' fees and costs pursuant to Civ. Code § 1798.84.

## V. SECOND CAUSE OF ACTION

### (Against All Defendants for Violation of the CPA)

26.     Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

27.     The CPA, Cal. Civ. Code § 1798.100, et seq., provides consumers with a private right of action against businesses when their personal information is subject to unauthorized access, theft, or disclosure as a result of a business's breach of its duty to take reasonable steps to protect that information.

28.     Plaintiff is a "consumer" as defined in the CPA.

29.     Defendant is a "business" as that term is defined in the CPA and therefore is subject to liability to thereunder.

30. Defendants stored Plaintiff's personal information as defined in Cal. Civ. Code § 1798.81.5(d)(1)(A), including but not limited to Plaintiff's first and last names, account numbers or credit or debit card numbers, in combination with any required security codes, access codes, or passwords that would permit access to an individual's financial accounts.

31. Plaintiff's personal information was collected, stored, and/or transmitted by Defendants in a nonencrypted and nonredacted form, or in some other form that permitted unauthorized individuals to access that information in violation of the CPA.

32. Defendants breached their duty to implement and maintain reasonable security procedures and practices appropriate to the nature of Plaintiff's personal information.

33. As a direct and proximate result of Defendants' failure to implement and maintain reasonable security procedures and practices appropriate to the nature of Plaintiff's personal information, Plaintiff suffered unauthorized access and disclosure of their personal information.

34. As a direct and proximate result of the unauthorized disclosure of personal information, Plaintiff was injured and lost money and privacy interests.

35. Plaintiff seeks actual and statutory damages pursuant to Civ. Code §1798.150.

## VI. THIRD CAUSE OF ACTION

### (Against All Defendants for Negligence)

36. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

37. Defendants owed Plaintiff a duty to protect his funds and personal private information.

38. Defendants breached this duty by permitting unauthorized transactions.

39. As result of Defendants' conduct as alleged above, Plaintiff suffered harm. Plaintiff seeks damages according to proof.

## VII. FOURTH CAUSE OF ACTION

### (Against All Defendants For Financial Abuse of an Elder)

40. Plaintiff repeats, realleges, and incorporates by reference all the foregoing

1 | paragraphs.

2 | 41.   Defendants violated the Elder Abuse Act, Welf. and Inst. Code §15610.30 by

3 | taking, secreting, appropriating, obtaining, or retaining personal property of an elder, or

4 | assisting in those activities for a wrongful use or with intent to defraud, or both.

5 | 42.   At all times relevant Plaintiff was over the age of sixty-five years.

6 | 43.   Plaintiff was harmed as a result of Defendants' financial abuse.

7 | 44.   Based on information and belief, Defendant's malicious and oppressive conduct

8 | as described above was authorized and/or ratified by a high-ranking officer, director, or

9 | managing agent as Plaintiff disputed unauthorized transactions which were not reversed.

10 | 45.   Defendants' financial abuse caused Plaintiff harm and are thus responsible for

11 | Plaintiff's actual damages, punitive damages, and attorneys' fees and costs.

12 |

13 | **WHEREFORE**, Plaintiff respectfully requests that judgment be entered against

14 | Defendants, and each of them, for the following:

15 | (a)   Actual damages;

16 | (b)   Statutory damages;

17 | (c)   Treble damages pursuant to Civ. Code §3345;

18 | (d)   Punitive damages;

19 | (e)   Costs and reasonable attorneys' fees; and

20 | (f)   For such other and further relief as the Court may deem just and proper.

Date:  March 2, 2023

Octavio Cardona-Loya II
Attorney for Plaintiff

6
COMPLAINT AND DEMAND FOR JURY TRIAL

1

## DEMAND FOR JURY TRIAL

2       Please take notice that Plaintiff demands trial by jury in this action.

3

4

Date:  March 2, 2023

5

6                       Octavio Cardona-Loya II
                        Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Octavio Cardona-Loya II (SBN 255309)<br>Golden & Cardona-Loya, LLP<br>3130 Bonita Road, Suite 200B<br>Chula Vista, CA 91910<br>TELEPHONE NO.: 619-476-0030    FAX NO.: 775-898-5471<br>ATTORNEY FOR *(Name):* Plaintiff Armando J. Alexander | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**03/02/2023** at 03:37:10 PM<br>Clerk of the Superior Court<br>By Armando Villasenor, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division - Hall of Justice

CASE NAME:
Alexander v. Wells Fargo Bank, N.A., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2023-00008768-CU-BT-CTL |
| | | | | JUDGE: Judge Keri Katz<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [✓] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence            f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary    b.[ ] nonmonetary; declaratory or injunctive relief    c.[✓] punitive
4. Number of causes of action *(specify):* Customer Records Act; Consumer Privacy Act; Negligence; and
                                                                                        Financial Elder Abuse
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 2, 2023
Octavio Cardona-Loya II                                           *Octavio Cardona-Loya II*
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all**
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
                                                                                                           Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |

| | |
|---|---|
| PLAINTIFF(S): Armando J Alexander | |
| DEFENDANT(S): Wells Fargo Bank NA | |
| SHORT TITLE: ALEXANDER VS WELLS FARGO BANK NA [IMAGED] | |

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2023-00008758-CU-BT-CTL |
|---|---|

Judge: Keri Katz                                                    Department: C-74

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                                   ☐ Binding private arbitration

☐ Voluntary settlement conference (private)    ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                       ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                    Date: _____

_____                              _____
Name of Plaintiff                                          Name of Defendant

_____                              _____
Signature                                                     Signature

_____                              _____
Name of Plaintiff's Attorney                             Name of Defendant's Attorney

_____                              _____
Signature                                                     Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 03/03/2023                                        _____
                                                              JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page: 1



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2023-00008758-CU-BT-CTL     CASE TITLE: Alexander vs Wells Fargo Bank NA [Imaged]

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
> (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
> (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7074 |

| PLAINTIFF(S) / PETITIONER(S): Armando J Alexander |
|---|

| DEFENDANT(S) / RESPONDENT(S): Wells Fargo Bank NA |
|---|

| ALEXANDER VS WELLS FARGO BANK NA [IMAGED] |
|---|

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2023-00008758-CU-BT-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Keri Katz                                                 Department: C-74

**COMPLAINT/PETITION FILED:** 03/02/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 08/04/2023 | 10:00 am | C-74 | Keri Katz |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint.  An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint.  A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed.  If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6).  If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

SDSC CIV-721 (Rev. 04-21) | **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)** | Page: 1

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases.  Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing.  E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court.  All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program."  This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain.  The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150.  Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed.  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.