UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO J. ALEXANDER, | Case No.:  23-cv-617-DMS-BLM |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |
| WELLS FARGO BANK, N.A.; and DOES 1 through 10, inclusive, | |
| Defendant. | |

Pending before the Court is Defendant's motion to dismiss Plaintiff's Complaint for failure to state a claim (ECF No. 4).  Plaintiff filed an opposition, (ECF No. 5), and Defendant filed a reply (ECF No. 6).  For the following reasons, Defendant's motion to dismiss is GRANTED in part and DENIED in part.

### I.
### BACKGROUND

Plaintiff was a 29-year customer of Wells Fargo.  (Compl. ¶ 5.)  On or about December 15, 2022, Plaintiff and his son went to a Wells Fargo location in San Diego County with the intention of depositing funds in Plaintiff's account.  (*Id.* ¶¶ 6-7.)  Upon arrival, Plaintiff was "shocked to discover his accounts were practically depleted."  (*Id.* ¶ 8.)  Plaintiff alleges he had close to $35,000 in his account, but "the Wells Fargo

representative unilaterally closed his accounts and provided him with two checks totaling around $200 that did not reflect the money that he had deposited there." (*Id.*) Plaintiff informed Wells Fargo that he did not authorize the activity which depleted his accounts, and Wells Fargo representatives told Plaintiff to return in two weeks so it could investigate the issue. (*Id.* ¶ 10.) Plaintiff did not use any online or mobile banking applications. (*Id.* ¶ 9.)

Plaintiff returned, as instructed, and spent nearly an entire day at Wells Fargo. (*Id.* ¶ 11.) While at Wells Fargo, "Plaintiff was informed that an unknown individual accessed his accounts and switched Plaintiff's contact information, such as his email address, and changed his account pin numbers as well." (*Id.* ¶ 12.) The "unauthorized person(s) also obtained new account cards to make purchases without Plaintiff's knowledge, consent, or benefit." (*Id.*) After this interaction, Wells Fargo returned approximately $5,738 to Plaintiff following his complaint. (*Id.* ¶ 14.) As a result, Plaintiff filed suit. Plaintiff asserts four causes of action: (1) violation of the California Customer Records Act ("CCRA"); (2) violation of the California Consumer Privacy Act ("CCPA"); (3) negligence; and (4) elder abuse.

## II.
## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If Plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.* at 570.

In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). If dismissal is warranted, leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and "this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

### III.
### DISCUSSION

**A. California Consumer Records Act Claim**

Plaintiff alleges Defendant violated the CCRA under Cal. Civ. Code § 1798.81.5(b) by failing to implement reasonable measures to protect Plaintiff's personal data, and § 1798.82 by not timely notifying Plaintiff that his account was breached. Financial institutions, as defined under Fin. Code § 4052, are exempt from Cal. Civ. Code § 1798.81.5(b). *Id.* § 1798.81.5(e)(2). "'Financial institution' means any institution the business of which is engaging in financial activities as described in [12 U.S.C. § 1843k]." Fin. Code § 4052(c). Under 12 U.S.C. § 1843(k)(4)(A), financial activities include "[l]ending, exchanging, transferring, investing for others, or safeguarding money or securities." This case arises from Wells Fargo's "safeguarding [of] money." Wells Fargo is therefore a financial institution and is exempt from Cal. Civ. Code § 1798.81.5(b).

Plaintiff's allegation that Defendant violated the CCRA by failing to implement reasonable measures to protect Plaintiff's personal data in violation of § 1798.81.5(b) is therefore **DISMISSED** with prejudice.

As to Plaintiff's allegation that Defendant violated § 1798.82, it is insufficiently pled. The CCRA "requires businesses to notify customers of a breach 'without unreasonable delay' after the business 'discovers' or is 'notified' of the breach." *In re Bank of America California Unemployment Benefits Litigation*, No. 21-md-2992, 2023 WL 3668535, at *16 (S.D. Cal. May 25, 2023). Plaintiff fails to allege facts stating when Defendant discovered, or was notified of, the alleged breach. In addition, Plaintiff does not allege how his personal information was subject to a data breach. Accordingly, Plaintiff fails to allege a violation of § 1798.82. Defendant's motion is therefore **GRANTED** as to the CCRA claim and **DISMISSED** without prejudice, with leave to amend.

### B. California Consumer Privacy Act Claim

Plaintiff alleges that Defendant violated the CCPA, Cal. Civil Code § 1798.100 *et seq.*, by breaching its "duty to implement and maintain reasonable security procedures and practices appropriate to the nature of Plaintiff's personal information." (Compl. ¶ 32.) As a result, Plaintiff alleges he "suffered unauthorized access and disclosure of [his] personal information" and "was injured and lost money and privacy interests." (*Id.* ¶¶ 33-34.)

Defendant cites Cal. Civil Code § 1798.82 for the proposition that Plaintiff must allege a data breach occurred in order to state a CCPA violation. However, § 1798.82 is a provision of the CCRA, not the CCPA. Defendant argues that Plaintiff "does not allege that his information (username, password, etc.) was part of a breach of data maintained by Defendant." (Def. Mot. at 5.) The Court disagrees. Plaintiff alleges he "was informed that an unknown individual accessed his accounts and switched Plaintiff's contact information, such as his email address, and changed his account pin numbers as well; the unauthorized person(s) also obtained new account cards to make purchases without Plaintiff's knowledge, consent, or benefit." (Compl. ¶ 12.) Plaintiff also alleges that due

to Defendant's "failure to implement and maintain reasonable security procedures and practices . . . Plaintiff suffered unauthorized access and disclosure of their personal information." (*Id.* ¶ 33.)  Plaintiff has sufficiently alleged a violation of the CCPA. Defendant's motion is therefore **DENIED** as to the CCPA claim.

### C. Negligence Claim

To state a claim of negligence, Plaintiff must allege "(1) the defendant's legal duty of care to the plaintiff; (2) breach of that duty; (3) causation; and (4) resulting injury to the plaintiff." *Merrill v. Navegar, Inc.*, 26 Cal.4th 465, 500 (2001).  Defendant argues that Plaintiff's negligence claim is barred by California's economic loss doctrine.  (Def. Mot. at 6-7.)  In California, "liability in negligence for purely economic losses . . . is the exception, not the rule." *S. Cal. Gas Leak Cases*, 7 Cal.5th 391, 400 (2019).  The economic loss doctrine precludes recovery for purely economic losses in tort actions. *NuCal Foods, Inc. v. Quality Egg LLC*, 918 F.Supp.2d 1023, 1028 (E.D. Cal. 2013).  But "[n]ot all tort claims for monetary losses between contractual parties are barred by the economic loss rule." *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal.5th 905, 923 (2022).  "[S]uch claims are barred when they arise from–or are not independent of–the parties' underlying contracts." *Id.*

"In actions for negligence in California, recovery of purely economic loss is foreclosed in the absence of (1) personal injury, (2) physical damage to property, (3) a 'special relationship' existing between the parties, or (4) some other common law exception to the rule." *Kalitta Air, LLC v. Cent. Tex. Airborne Sys., Inc.*, 315 Fed.App'x 603, 605 (9th Cir. 2008).  Plaintiff argues the special relationship exception applies.  (Pl. Oppo. at 8-9) (citing *J'Aire Corp. v. Gregory*, 24 Cal.3d 799, 804 (1979)).  *J'Aire* requires a fact-intensive inquiry.  However, Plaintiff has not pled sufficient facts for the Court to determine whether the special relationship exception applies. *See Johnson v. Marker Ecosystem Growth Holdings, Inc.*, No. 20-cv-2569, 2023 WL 2191214, at *6 (N.D. Cal. Feb. 22, 2023) (dismissing negligence claim because Plaintiff failed to allege sufficient facts to apply the *J'Aire* factors).  To the extent Plaintiff's negligence claim is based on

damages for his economic losses, it is **DISMISSED** without prejudice, with leave to amend.

Plaintiff argues his loss of time and emotional distress preclude application of the economic loss doctrine. (Pl. Oppo. at 9.) Plaintiff alleges Defendant owed him a duty to protect his funds and personal private information, that it breached this duty by permitting unauthorized transactions, and as a result one of his injuries is lost time. (Compl. ¶¶ 11-12, 19, 36-39.) "[T]ime spent responding to a data breach is a non-economic injury, that when alleged to support a negligence claim, defeats an economic loss doctrine argument." *Stasi v. Immediata Health Group Corp.*, 501 F.Supp.3d 898, 913 (S.D. Cal. 2020). Plaintiff alleges he spent nearly an entire business day at Wells Fargo in an attempt to learn how his bank accounts were allegedly depleted. (Compl. ¶¶ 11, 19.) His claim for negligence based upon an injury of lost time is therefore sufficiently pled, and Defendant's motion is **DENIED** in this respect.

The same is not true for Plaintiff's allegation of "emotional distress" and "shock" as a basis for his injury. Plaintiff alleges he "suffered emotional distress" as a result of Wells Fargo's actions. (Compl. ¶ 19.) This allegation is conclusory and insufficient to support an injury under this claim. It is therefore **DISMISSED** without prejudice.

**D. Elder Abuse Claim**

Plaintiff's final claim is that Defendant violated the Elder Abuse Act, codified at Cal. Welf. & Isnt. Code § 15610.30(a)(2). Plaintiff alleges Defendant violated § 15610.30(a)(2) "by taking, secreting, appropriating, obtaining, or retaining personal property of an elder, or assisting in those activities for a wrongful use or with intent to defraud, or both." (Compl. ¶ 41.) Financial abuse of an elder occurs "when a person or entity . . . [t]akes, secretes, appropriates, obtains, or retains . . . [or] [a]ssits in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder . . . for a wrongful use or with intent to defraud, or both." *Id.* §§ 15610.30(a)(1)-(2). An elder is a person, residing in California, 65 years of age or older. *Id.* § 15610.27. Plaintiff is over 65 years old. (Compl. ¶ 42.)

Liability may be imposed for assisting in financial elder abuse under an aiding and abetting standard. *Das v. Bank of Am., N.A.*, 186 Cal.App.4th 727, 744-45 (2010).  To state such a claim, the plaintiff must plead that the defendant "knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act." *Id.* at 744.  When "a bank provides ordinary services that effectuate financial abuse by a third party, the bank may be found to have 'assisted' in the financial abuse only if it knew of the third party's wrongful conduct." *Id.* at 745.  To be liable for elder abuse, there must be actual knowledge, not constructive knowledge. *Bortz v. JPMorgan Chase Bank, N.A.*, No. 21-cv-618, 2021 WL 4819575, at *5 (S.D. Cal. Oct. 15, 2021).  Actual knowledge goes beyond "constructive knowledge of—i.e., they should have known about—the underlying fraud based on their unusual account activity." *Id.*  Here, Plaintiff alleges Wells Fargo informed him "that an unknown individual accessed his accounts and switched Plaintiff's contact information." (Compl. ¶ 12.)  But Plaintiff fails to allege Wells Fargo knew that this unknown individual lacked authorization to Plaintiff's account.  It is not clear whether Wells Fargo "gave substantial assistance or encouragement" to the alleged unknown individual who accessed Plaintiff's account.  Plaintiff maintains that "Wells Fargo had its wrongful conduct authorized and/or ratified as Plaintiff disputed the unauthorized transactions which were not reversed," (Pl. Oppo. at 10), therefore his elder abuse claim is sufficiently pled.  However, the Court disagrees as the allegation is conclusory and insufficiently pled.  Plaintiff's allegation that Defendant violated § 15610.30(a)(2) is therefore **DISMISSED** without prejudice, with leave to amend.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, the Court HEREBY ORDERS the following:

1. **Plaintiff's California Records Act Claim.**  Plaintiff's allegation that Defendant violated the CCRA by failing to implement reasonable measures to protect Plaintiff's personal data in violation of Cal. Civ. Code § 1798.81.5(b) is

**DISMISSED** with prejudice.  Plaintiff's allegation that Defendant violated Cal. Civ. Code § 1798.82 is **DISMISSED** without prejudice, with leave to amend

2.   **Plaintiff's California Consumer Privacy Claim.**  Defendant's motion is **DENIED** as to the CCPA claim.

3.   **Plaintiff's Negligence Claim.**  Plaintiff's negligence claim, to the extent it is based on injuries of economic losses, or emotional distress and shock, is **DISMISSED** without prejudice, with leave to amend.  Plaintiff's negligence claim, to the extent it is based on the injury of lost time, is sufficiently pled and Defendant's motion is **DENIED**.

4.   **Plaintiff's Elder Abuse Claim.**  Plaintiff's allegation that Defendant violated Cal. Welf. & Isnt. Code § 15610.30(a)(2) is **DISMISSED** without prejudice, with leave to amend.

5.   Plaintiff may file an amended complaint, curing the deficiencies noted, within fourteen (14) days of this Order.

   **IT IS SO ORDERED.**

Dated:  August 9, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court

8

23-cv-617-DMS-BLM