1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ARMANDO J. ALEXANDER,

Plaintiff,

v.

WELLS FARGO BANK, N.A.; and
DOES 1 through 10, inclusive,

Defendants.

Case No.:  23-cv-617-DMS-BLM

**ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION TO DISMISS**

Pending before the Court is Wells Fargo Bank's motion to dismiss Plaintiff's First Amended Complaint for failure to state a claim (ECF No. 10).  Plaintiff filed an opposition, (ECF No. 11), and Wells Fargo Bank ("Defendant") filed a reply (ECF No. 12).  The Court previously granted in part and denied in part Defendant's motion to dismiss the original complaint (ECF No. 8), which raised the same claims as the current operative complaint. The Court provided Plaintiff leave to amend the dismissed claims, and Plaintiff filed a First Amended Complaint (ECF No. 9).  For the following reasons, Defendant's motion to dismiss is granted in part and denied in part.

# I.
## BACKGROUND

Plaintiff was a 29-year customer of Wells Fargo.  (First Am. Compl. ("FAC") ¶ 5, ECF No. 9.)  On or about December 15, 2022, Plaintiff and his son went to a Wells Fargo location in San Diego County with the intention of depositing funds in Plaintiff's account. (*Id.* ¶¶ 6–7.)  Upon arrival, Plaintiff was "shocked to discover his accounts were practically depleted." (*Id.* ¶ 8.)  Plaintiff alleges he had close to $35,000 in his account, but "the Wells Fargo representative unilaterally closed his accounts and provided him with two checks totaling around $200 that did not reflect the money that he had deposited there." (*Id.*) Plaintiff informed Wells Fargo that he did not authorize the activity which depleted his accounts, and Wells Fargo representatives told Plaintiff to return in two weeks so it could investigate the issue. (*Id.* ¶ 10.)  Plaintiff did not use any online or mobile banking applications. (*Id.* ¶ 9.)

Plaintiff returned to the Wells Fargo branch two weeks later as instructed and spent nearly an entire day there. (*Id.* ¶ 11.)  Bank employees told Plaintiff "that an unknown individual accessed his accounts and switched Plaintiff's contact information, such as his email address, and changed his account pin numbers as well." (*Id.* ¶ 12.)  The "unauthorized person(s) also obtained new account cards to make purchases without Plaintiff's knowledge, consent, or benefit." (*Id.*)  After this interaction, Wells Fargo returned approximately $5,738 to Plaintiff following his complaint. (*Id.* ¶ 14.)  As a result, Plaintiff filed suit.  Plaintiff has suffered emotional distress in the form of "fright", "shock," "nervousness, worry, anxiety, and humiliation." (*Id.* ¶ 27.)  Plaintiff has also "suffered actual damages including the loss of money and time . . . ." (*Id.* ¶ 26.)  Plaintiff asserts four causes of action: (1) violation of the California Customer Records Act ("CCRA"); (2) violation of the California Consumer Privacy Act ("CCPA"); (3) negligence; and (4) elder abuse.

## II.
## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  If Plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.* at 570.

In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  But courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

When a court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend.  Leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and "this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  A court should

grant leave to amend where there is no (1) "undue delay," (2) "bad faith or dilatory motive," (3) "undue prejudice to the opposing party" if amendment were allowed, or (4) "futility" in allowing amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Grp., Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007). "A district court's decision to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." *Salameh v. Tarsadia Hotel*, 726 F. 3d 1124, 1133 (9th Cir. 2013).

### III.
### DISCUSSION

**A. California Consumer Records Act Claim**

The CCRA, codified at Cal. Civ. Code § 1798.82, "requires businesses to notify customers of a breach 'without unreasonable delay' after the business 'discovers' or is 'notified' of the breach." *In re Bank of Am. Cal. Unemp. Benefits Litig.*, No. 21-md-2992, 2023 WL 3668535, at *16 (S.D. Cal. May 25, 2023). Plaintiff alleges Defendant violated the CCRA by failing to timely notify Plaintiff that Defendant was subject to a security breach. However, Plaintiff again fails to allege facts stating when Defendant discovered, or was notified of, the alleged breach of Defendant's security system. Plaintiff alleges that this is because Defendant "failed to provide and withheld any additional information on when Wells Fargo discovered or was notified of this breach," but Plaintiff's allegations (FAC ¶ 33) are speculative. Because "factual allegations must be enough to raise a right to relief above the speculative level," the Court finds Plaintiffs' assertions are insufficiently pled. *Twombly*, 550 U.S. at 555 (2007).

Additionally, Plaintiff has failed to plead sufficient facts that Defendant's security system was subject to a breach. Plaintiff seems to allege that the unauthorized individual received Plaintiff's personal information *from* Defendant's security system thereby alleging a breach of Defendant's security system. However, Plaintiff fails to plead facts to support *how* the unauthorized individual acquired Plaintiff's personal information from

Defendant's security system.  Plaintiff makes only a conclusory allegation that a breach occurred.  Such a conclusory statement is insufficient to plausibly state a claim.  *Iqbal*, 556 U.S. 662 at 681.  Because Plaintiff has failed to plead sufficient facts to plausibly state that a breach occurred or that Defendant had knowledge of the alleged breach, the Court **GRANTS** Defendant's motion as to the CCRA claim.

The Court dismisses this claim without prejudice, as Plaintiff has twice failed to adequately plead this claim.  "[A] district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  Plaintiff's FAC is devoid of new facts or a satisfactory explanation for his failure to address the Court's concerns identified in its prior order.  Nonetheless, the Court notes that Plaintiff believes Defendant is withholding information that could provide Plaintiff with the necessary information to sufficiently plead this claim.  Plaintiff may move for leave to amend if he identifies new facts during discovery which would allow him to plausibly state a CCRA claim.  *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); *see e.g.*, *Wawanesa Gen. Ins. Co. v. Jaguar Land Rover N. Am., LLC*, No. 22-cv-1943-BAS-DDL, 2023 WL 4918295 (S.D. Cal. July 31, 2023) (granting plaintiff leave to amend complaint to add three additional defendants based on new information that the plaintiff learned during discovery).

**B. California Consumer Privacy Act Claim**

Plaintiff alleges that Defendant violated the CCPA, Cal. Civ. Code § 1798.100 et seq., by breaching its "duty to implement and maintain reasonable security procedures and practices appropriate to the nature of Plaintiff's personal information." (FAC ¶ 43.)  As a result, Plaintiff alleges he "suffered unauthorized access and disclosure of [his] personal information" and "was injured and lost money and privacy interests." (*Id.* ¶¶ 44–45.)  The Court previously denied Defendant's motion to dismiss finding that Plaintiff sufficiently

alleged a violation of the CCPA.  Defendant again asks the Court to dismiss Plaintiff's CCPA claim.

"A defendant may bring a Rule 12(b) motion objection to an amended complaint only to the extent the challenges asserted in that motion are based on the new matter in the amended complaint." *Pascal v. Concentra, Inc.*, No. 19-cv-02559-JCS, 2020 WL 4923974 at *2 (N.D. Cal. Aug. 21, 2020).  The filing of an amended complaint "does not revive" a defendant's "right to file a post-answer motion to dismiss, with the exception that new claims may be attacked." *Brooks v. Caswell*, No. 3:14-cv-01232-AC, 2016 WL 866303 at *3 (D. Or. Mar. 7, 2016).  This Court will only consider Defendant's motion as it responds to new allegations in Plaintiff's amended complaint.  The CCPA claim Plaintiff pleads in his FAC is identical to the CCPA claim he pled in his original complaint.  Thus, the Court will not consider Defendant's arguments against this claim and **DENIES** the motion to dismiss as to the CCPA claim.

### C. Negligence Claim

To state a claim for negligence, Plaintiff must allege "(1) the defendant's legal duty of care to the plaintiff; (2) breach of that duty; (3) causation; and (4) resulting injury to the plaintiff." *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 500 (2001).  Defendant argues that Plaintiff's negligence claim is barred by California's economic loss doctrine.  In California, "liability in negligence for purely economic losses . . . is the exception, not the rule." *S. Cal. Gas Leak Cases*, 7 Cal. 5th 391, 400 (2019).  The economic loss doctrine precludes recovery for *purely* economic losses in tort actions. *NuCal Foods, Inc. v. Quality Egg LLC*, 918 F.Supp.2d 1023, 1028 (E.D. Cal. 2013).

Plaintiff's FAC asserts Plaintiff has suffered actual damages including loss of money, loss of time, and emotional distress.  (FAC ¶¶ 26-27).  Plaintiff alleges he spent nearly an entire business day at Wells Fargo attempting to learn how his bank accounts were depleted.  (FAC ¶ 13.)  "[T]ime spent responding to a data breach is a non-economic injury, that when alleged to support a negligence claim, defeats an economic loss doctrine argument." *Stasi v. Immediata Health Grp. Corp.*, 501 F.Supp.3d 898, 913 (S.D. Cal.

2020).  The Court finds Plaintiff has sufficiently pled a "loss of time" injury thereby barring application of the economic loss doctrine.

Additionally, Plaintiff alleges he has "suffered emotional distress" including "fright", "shock," "nervousness," "worry," "anxiety," and "humiliation."  (FAC ¶¶ 26–27). Plaintiff claims his "worry and anxiety is further exacerbated by the fact that the money depleted was being saved in case of future medical necessities given Plaintiff's elder age." (*Id.* ¶ 27).  The Court finds that Plaintiff has sufficiently pled damages beyond purely economic loss.  *See Flores-Mendez v. Zoosk. Inc.*, No. c-20-04929-WHA, 2021 WL 308543, at *3 (N.D. Cal. Jan. 30, 2021) (determining that plaintiffs did not allege pure economic loss because they alleged "loss of time, risk of embarrassment, and enlarged risk of identity theft").  Because the Court finds that the economic loss rule does not bar this claim, the Court need not address the special relationship exception to the economic loss rule.  Thus, the Court **DENIES** Defendant's motion as to the negligence claim.

### D. Elder Abuse Claim

Lastly, Plaintiff alleges that Defendant violated the Elder Abuse Act, codified at Cal. Welf. & Inst. Code § 15610.30(a)(2).  Financial abuse of an elder occurs "when a person or entity . . . [t]akes, secretes, appropriates, obtains, or retains . . . [or] [a]ssits in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder . . . for a wrongful use or with intent to defraud, or both."  *Id.* §§ 15610.30(a)(1)–(2).  The statute defines an "elder" as a person, residing in California, 65 years of age or older.  *Id.* § 15610.27.  Plaintiff is over 65 years old.  (FAC ¶ 54.)  A defendant may be found liable for assisting in financial elder abuse under an aiding and abetting standard.  *Das v. Bank of Am., N.A.*, 186 Cal. App. 4th 727, 744–45 (2010).  To state such a claim, the plaintiff must plead that the defendant "knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act."  *Id.* at 744.  When "a bank provides ordinary services that effectuate financial abuse by a third party, the bank may be found to have 'assisted' in the financial abuse only if it knew of the third party's wrongful conduct."  *Id.* at 745.  To be liable for elder abuse, there must be actual knowledge, not

constructive knowledge. *Bortz v. JPMorgan Chase Bank, N.A.*, No. 21-cv-618-TWR, 2021 WL 4819575, at *5 (S.D. Cal. Oct. 15, 2021).

Here, Plaintiff alleges Defendant violated § 15610.30(a)(2) "by taking, secreting, appropriating, obtaining, or retaining personal property of an elder, or assisting in those activities for a wrongful use or with intent to defraud, or both." (FAC ¶ 53.) Plaintiff alleges Defendant informed him "that an unknown individual accessed his accounts and switched Plaintiff's contact information." (*Id.* ¶ 14.) Plaintiff maintains that "Defendant's malicious and oppressive conduct [] was authorized and/or ratified by a high-ranking officer, director, or managing agent as Plaintiff disputed unauthorized transactions which were not reversed." (*Id.* ¶ 56.) However, the Court finds this allegation to be conclusory and insufficiently pled. Plaintiff does not plead facts that "suppor[t] improper or fraudulent motive on the part of the Defendant." *Gray v. JPMorgan Chase Bank, N.A.*, No. 22-cv-03090-DSF, 2023 WL 2471381 at *4 (C.D. Cal. Mar. 13, 2023). Ultimately, Plaintiff has failed to plead facts establishing that Defendant had actual knowledge and provided substantial assistance or encouragement to the unauthorized individual in carrying out the tortious conduct. The Court therefore **GRANTS** Defendant's motion to dismiss as to Plaintiff's elder abuse claim under § 15610.30(a)(2). Because Plaintiff has not been able to cure the deficiencies in pleading the elder abuse claim, the Court finds that any additional amendment would be futile. *Intri-Plex Techs.*, 499 F.3d 1048 at 1056. This claim is therefore dismissed without leave to amend.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss. Specifically, the Court **GRANTS** the motion as to the CCRA (Cal. Civ. Code § 1798.82) and elder abuse (Cal. Welf. & Inst. Code § 15610.30(a)(2)) claims. These claims are dismissed without leave to amend at this time.

1   For good cause, Plaintiff may move for leave to amend the CCR claim if he identifies new

2   facts in discovery, as explained above.

3          The Court **DENIES** the motion to dismiss as to the remaining claims.

4          **IT IS SO ORDERED.**

5   Dated:  December 1, 2023

6                                                    Hon. Dana M. Sabraw, Chief Judge
                                                     United States District Court